**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Earl LELAND, Defendant-
Appellant.**

**No. 16-30026**

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 21, 2016

Matthew F. Duggan, Assistant U.S. Attorney, USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee

Matthew Campbell, Robert R. Fischer, Assistant Federal Public Defenders, FPDWA—Federal Public Defender's Office (Eastern WA & ID), Spokane, WA, for Defendant-Appellant

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

John Earl Leland appeals from the district court's judgment and challenges the ten-year supervised release term imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Leland contends that the district court procedurally erred by failing to calculate the Guidelines range for the supervised release term, and by failing to explain the ten-year term adequately. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and hold that there is none. Even if the court erred, there is no reasonable probability that it would have imposed a different term absent the error. *See United ed States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). The court considered the parties' joint recommendation for a five-year supervised term, which is the high end of the Guidelines range, and concluded that it was insufficient. It is clear from the record that the court believed that a ten-year term was necessary in light of Leland's lengthy criminal history. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation can be inferred from the record).

Leland also contends that the ten-year term of supervised release is substantively unreasonable. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The supervised release term is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Leland's criminal record. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.